## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GREGORY IFESINACHI EZEANI,

      Plaintiff,

v.                                              No. 2:23-cv-00539-KRS

ABDEL HAMEED BADAWY,
STEVE STOCHAJ,
DAVID V. JAUREGUI, and
PHAME CAMARENA,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil

Case, Doc. 1, filed June 23, 2023 ("Complaint") and Plaintiff's Application to Proceed in District

Court Without Prepaying Fees or Costs, Doc. 3, filed June 23, 2023.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the

Court may authorize the commencement of any suit without prepayment of fees by a person who

submits an affidavit that includes a statement of all assets the person possesses and that the

person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma
> pauperis, it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted.
> Thereafter, if the court finds that the allegations of poverty are untrue or that the
> action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d

58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was

intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $0.00; (ii) Plaintiff's monthly expenses total $0.00; and (iii) Plaintiff has $20.00 in a checking account and a total negative balance of $1,060.00 on two credit cards. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and he has no income.

**The Complaint**

Plaintiff, who resides in New Jersey, was admitted to an online master's degree program at New Mexico State University ("NMSU").  *See* Complaint at 6.  After Plaintiff was unable to find a person in New Jersey to proctor his mid-term and final exams for a class, the professor, Defendant Badawy, scored both exams with a zero resulting in Plaintiff receiving an F grade, which in turn resulted in Plaintiff not graduating in 2022 and being placed on academic probation.  *See* Complaint at 6-7, 11.

Plaintiff filed an appeal with the NMSU electrical engineering department head Defendant Stochaj.  *See* Complaint at 8.  Defendant Stochaj "decided on the appeal using professional dishonesty and negligence to protect professional colleague [Defendant] Badawy." Complaint at 8.

Plaintiff then appealed Defendant Stochaj's decision to the NMSU dean of academics who sent the appeal to the NMSU associate dean of academics Defendant Jauregui for further proceedings.  Complaint at 9.  Plaintiff alleges that Defendant Jauregui "made the decision without following the NMSU rule of conduct or investigate the facts establish[ed] in the plaintiff appeal" and "used a false statement and professional dishonesty."  Complaint at 9.

Plaintiff then appealed to the NMSU dean of the graduate school.  *See* Complaint at 9. Interim dean of the graduate school Defendant Camarena convened the graduate student appeals board before making a final recommendation.  *See* Complaint at 9.  Plaintiff alleges that Defendant Camarena exhibited "professional dishonesty and lack of transparency that violates NMSU code of conduct" because he refused to provide the names of the members of the graduate student appeals board who participated in the appeal decision.  Complaint at 10.

Plaintiff asserts claims for (i) "Violation of fifth amendment right to due process;" (ii) "Violation of eight[h] amendment consti[tu]tional right;" and (iii) "Violation of 14th amendment constitutional right to equal protection right."  Complaint at 3, 10.

Due Process

The Complaint fails to state a claim for constitutional violations pursuant to 42 U. S.C. § 1983.  [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Complaint contains a few factual allegations regarding Defendants' actions such as Defendant Badawy required Plaintiff to have a person proctor the exams and gave Plaintiff an F grade, Defendant Stochaj relied on a false statement during the initial appeal, Defendant

Jauregui did not investigate the facts alleged in Plaintiff's initial appeal, and Defendant Camarena did not explain which portions of NMSU policy Plaintiff failed to satisfy.  However, most of the allegations are conclusory allegations such as Defendants violated NMSU rules, violated Plaintiff's right to due process and acted with "intentional wickedness."  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

There are no factual allegations in the Complaint explaining the process due to Plaintiff or the protected interest which Plaintiff alleges Defendants allegedly deprived Plaintiff.

> "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park*, 226 F.3d at 1210.
> ....
> "The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing." *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) (internal quotation marks omitted).

*Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016); *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

The Complaint fails to state a due process claim because it does not identify a protected property interest to which due process protections apply.  There are no factual allegations that Plaintiff's class grade is a protected property interest.  Nor are there any factual allegations that

4

Plaintiff has a protected property interest in remaining off academic probation; the Amended Complaint does not describe the criteria for placing students on academic probation or the consequences of being placed on academic probation.

The Amended Complaint also does not contain factual allegations describing the process due to Plaintiff and showing Plaintiff was not afforded the process due. The Complaint makes conclusory allegations that some Defendants did not follow NMSU rules and states "the dean failed to investigate the NMSU code of conduct on extenuating circumstances such as covid 19" but does not otherwise contain factual allegations regarding what those rules require and how Defendants violated those rules. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

Because the Amended Complaint does not describe the rule(s) that Defendants allegedly did not follow, the appeal procedure to which Plaintiff is entitled, the process that Defendants provided, and how Defendants deprived Plaintiff of due process, the Amended Complaint fails to allege sufficient facts showing that Defendants did not provide an appropriate level of process during Plaintiff's appeal. *See Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (regarding a claim's facial plausibility, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Eighth Amendment

Plaintiff's allegation of a violation of Eighth Amendment fails to state a claim. The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth

Amendment "applies to those who have been convicted of crime."  *Colbruno v. Kessler*, 928

F.3d 1155, 1162 (10th Cir. 2019).  There are no factual allegations in the Complaint that Plaintiff

was convicted of a crime.

Equal Protection

>Plaintiff alleges that Defendants violated his right to equal protection.

>The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.

>A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

*A.N. by and through Ponder v. Syling*, 928 F.3 1191, 1196 (10th Cir. 2019); *see also Burke v.*

*New Mexico*, 696 Fed.Appx. 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-

protection claim, a plaintiff must allege facts indicating how each defendant was personally

responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

>The Complaint fails to state an equal protection claim because there are no allegations

that each Defendant intentionally treated Plaintiff differently from others similarly situated and

that there is no rational basis for the difference in treatment.

Conclusion

It appears that this case should be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim upon which relief can be granted. If Plaintiff asserts that the Court should not dismiss any claims in this case, Plaintiff must file an amended complaint alleging facts that state a claim over which the Court has jurisdiction.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of a summons and the Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed June 23, 2023, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case for failure to state a claim and file an amended

complaint.   Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**