# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GREGORY IFESINACHI EZEANI,

      Plaintiff,

v.                                               No. 2:23-cv-00539-MIS-KRS

ADEL HAMEED BADAWY,
STEVE STOCHAJ,
DAVID V. JAUREGUI, and
PHAME CAMARENA,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

Plaintiff, who is proceeding *pro se* and resides in New Jersey, was admitted to an online master's degree program at New Mexico State University ("NMSU").  *See* Plaintiff's Complaint for a Civil Case at 6, Doc. 1, filed June 23, 2023 ("Complaint").  After Plaintiff was unable to find a person in New Jersey to proctor his mid-term and final exams for a class, the professor, Defendant Badawy, scored both exams with a zero resulting in Plaintiff receiving an F grade, which in turn resulted in Plaintiff not graduating in 2022 and being placed on academic probation. *See* Complaint at 6-7, 11.

Plaintiff filed an appeal with the NMSU electrical engineering department head Defendant Stochaj.  *See* Complaint at 8.  Defendant Stochaj "decided on the appeal using professional dishonesty and negligence to protect professional colleague [Defendant] Badawy."  Complaint at 8.

Plaintiff then appealed Defendant Stochaj's decision to the NMSU dean of academics who sent the appeal to the NMSU associate dean of academics Defendant Jauregui for further proceedings.  *See* Complaint at 9.  Plaintiff alleges that Defendant Jauregui "made the decision

without following the NMSU rule of conduct or investigate the facts establish[ed] in the plaintiff appeal" and "used a false statement and professional dishonesty."  Complaint at 9.

Plaintiff then appealed to the NMSU dean of the graduate school.  *See* Complaint at 9. Interim dean of the graduate school Defendant Camarena convened the graduate student appeals board before making a final recommendation.  *See* Complaint at 9.  Plaintiff alleges that Defendant Camarena exhibited "professional dishonesty and lack of transparency that violates NMSU code of conduct" because he refused to provide the names of the members of the graduate student appeals board who participated in the appeal decision.  Complaint at 10.

Plaintiff asserts claims for (i) "Violation of fifth amendment right to due process;"[1] (ii) "Violation of eight[h] amendment consti[tu]tional right;" and (iii) "Violation of 14th amendment constitutional right to equal protection right."  Complaint at 3, 10.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the Complaint generally fails to state a claim for constitutional violations pursuant to 42 U. S.C. § 1983:

> [T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Complaint contains a few factual allegations regarding Defendants' actions such as Defendant Badawy required Plaintiff to have a person proctor the exams and gave Plaintiff an F grade, Defendant Stochaj relied on a false statement during the initial appeal, Defendant Jauregui did not investigate the facts alleged in Plaintiff's initial appeal, and Defendant Camarena did not explain which portions of NMSU policy Plaintiff failed to satisfy.  However, most of the allegations are conclusory allegations such as Defendants violated NMSU rules, violated Plaintiff's right to due process and

---

[1] Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Fifth Amendment due process claims against Defendants, who are state actors, as Fourteenth Amendment claims.

> There are two constitutional sources of due process rights, the Fifth Amendment and the Fourteenth Amendment. Plaintiffs pursuing procedural due process claims based on actions by the federal government must proceed under the Fifth Amendment, while plaintiffs bringing such claims based on actions by state governments must proceed under the Fourteenth Amendment.

*Doe v. University of Denver*, 952 F.3d 1182, 1187 (10th Cir. 2020).

acted with "intentional wickedness." "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Order to Show Cause at 3-4, Doc. 4, filed June 27, 2023.

**Due Process Claims**

Judge Sweazea notified Plaintiff that:

> "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park*, 226 F.3d at 1210.
> . . ..
> "The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing." *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007) (internal quotation marks omitted).

*Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016); *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

The Complaint fails to state a due process claim because it does not identify a protected property interest to which due process protections apply. There are no factual allegations that Plaintiff's class grade is a protected property interest. Nor are there any factual allegations that Plaintiff has a protected property interest in remaining off academic probation; the Amended Complaint does not describe the criteria for placing students on academic probation or the consequences of being placed on academic probation.

The Amended Complaint also does not contain factual allegations describing the process due to Plaintiff and showing Plaintiff was not afforded the process due. The Complaint makes conclusory allegations that some Defendants did not follow NMSU rules and states "the dean failed to investigate the NMSU code of conduct on extenuating circumstances such as covid 19" but does not otherwise contain factual allegations regarding what those rules require and how Defendants violated those rules. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A

complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

Because the Amended Complaint does not describe the rule(s) that Defendants allegedly did not follow, the appeal procedure to which Plaintiff is entitled, the process that Defendants provided, and how Defendants deprived Plaintiff of due process, the Amended Complaint fails to allege sufficient facts showing that Defendants did not provide an appropriate level of process during Plaintiff's appeal. *See Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023) (regarding a claim's facial plausibility, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Order to Show Cause at 4-5.

**Eighth Amendment Claims**

Judge Sweazea notified Plaintiff that his allegation of a violation of Eighth Amendment

fails to state a claim explaining:

The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment "applies to those who have been convicted of crime." *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019). There are no factual allegations in the Complaint that Plaintiff was convicted of a crime.

Order to Show Cause at 5-6.

**Equal Protection Claims**

Regarding Plaintiff's equal protection claims, Judge Sweazea explained:

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is "essentially a direction that all persons similarly situated should be treated alike," *A.M. ex rel. F.M. v. Holmes*, 830 F.3d 1123, 1166 (10th Cir. 2016) (internal quotation marks omitted), and is intended "to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents," *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (internal quotation marks omitted). An equal protection claim may be

> asserted with respect to a group or a "class of one." *Holmes*, 830 F.3d at 1166.
>
> A plaintiff who "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" states a claim for violation of her right to equal protection. *Olech*, 528 U.S. at 564, 120 S.Ct. 1073.

> *A.N. by and through Ponder v. Syling*, 928 F.3d 1191, 1196 (10th Cir. 2019); *see also Burke v. New Mexico*, 696 F. App'x 325, 330 (10th Cir. 2017) ("To state a plausible § 1983 equal-protection claim, a plaintiff must allege facts indicating how each defendant was personally responsible for treating her 'differently from others similarly situated.'") (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Order to Show Cause at 6.  Judge Sweazea notified Plaintiff that the Complaint fails to state an equal protection claim because there are no allegations that each Defendant intentionally treated Plaintiff differently from others similarly situated and that there is no rational basis for the difference in treatment.  *See* Order to Show Cause at 6.

**Order to Show Cause**

Judge Sweazea notified Plaintiff that it appears that this case should be dismissed for failure to state a claim.  *See* Order to Show Cause at 7 (quoting 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted")).  Judge Sweazea ordered Plaintiff:

> to show cause why the Court should not dismiss this case for failure to state a claim upon which relief can be granted.  If Plaintiff asserts that the Court should not dismiss any claims in this case, Plaintiff must file an amended complaint alleging facts that state a claim over which the Court has jurisdiction.

Order to Show Cause at 7.

Plaintiff filed a Response to the Order to Show Cause but did not file an amended complaint.

**Response to Order to Show Cause**

Plaintiff contends that:

The district court lacks jurisdiction to dismiss the case under Rule 12(b)(6) and 28 U.S.C. 1915(e)(2) on the grounds failure to state claim because the rule of dismissal has been reversed by the supreme court recently.  In a case of Conley v. Gibson, 355 U.S. 41 (1957), the supreme court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "the accepted rule is that a complaint should not be dismissed for failure to state claim unless it appears beyond reasonable doubt that there is a set of fact in support of a claim that will entitle such motion for dismiss relief for failure to state claim".  The court must make sure that there is no factual allegation that exists before any decision to dismiss the case because it will be a due process violation to plaintiff.
. . . .
The court lacks legal jurisdiction to dismiss a case without giving the defendant opportunity to refute the plaintiff claim and verifiable evidences submitted to the court.

[sic] Response at 2, Doc. 5, filed June 30, 2023.  Plaintiff also contends that Defendants' actions constitute "due process violation that does not conform to New Mexico state university rule of conduct and this action violates 5th, 8th and 14th amendment constitutional right of the plaintiff so the court lack jurisdiction to dismiss the case without further investigation on the claim of the plaintiff." [sic] Response at 2-4.

*Conley v. Gibson* did not overrule 28 U.S.C. § 1915(e)(2) nor could it.  Section 1915 was last revised and became effective April 26, 1996, well after the decision in *Conley v. Gibson* in 1957.  *Conley v. Gibson* states: "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of fact in support of his claim which would entitle him to relief."  255 U.S. 41, 45-46 (1957).

The statute governing proceedings *in forma pauperis*, under which Plaintiff is proceeding, states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  The Court is bound by

and cannot disregard a federal statute and, therefore, is required to dismiss a case once it determines that the action fails to state a claim.

The Court of Appeals for the Tenth Circuit, in which this Court sits, has "held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016). Under its inherent power to manage its docket, the Court can review a complaint before defendants file a responsive pleading. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed[.]"); *Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) ("Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause[.]") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

Plaintiff disagrees with Judge Sweazea's statement that the complaint fails to state a due process claim because it does not identify a protected property interest to which due process protections apply. Plaintiff states: "This is a wrong interpretation of due process by the court because it is factually clear that plaintiff procedural right was denied which violates due process constitutional right." Response at 4. Plaintiff contends that Defendants' actions: (i) violated Plaintiff's Fifth Amendment right to due process because a "wrongful procedure was used;" (ii) the

wrongful procedure amounts to cruelty that violates Plaintiff's Eighth Amendment right; and (iii) violated Plaintiff's 14th Amendment right to equal protection because the proper procedure was not used.  Response at 5-8.

Plaintiff's conclusory statements that Defendants violated his constitutional rights because Defendants used the wrong procedure are insufficient to show that the Complaint states a claim. Defendants may have violated some NMSU rules but Plaintiff has not shown that they deprived him of a protected property interest; nor has Plaintiff shown that the level of process that Defendants did afford Plaintiff was not appropriate.  *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?"); *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838 F.3d 1039, 1043 (10th Cir. 2016) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and . . . *some* kind of hearing[.]") (quoting *Moore v. Bd. of Cty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007)).

Plaintiff's argument that Defendants' use of the wrong procedure amounts to cruelty under the Eight Amendment is without merit because the Eighth Amendment "applies to those who have been convicted of crime" and Plaintiff has not shown that he was convicted of a crime.  *Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019).  Plaintiff has not shown that the Complaint states an equal protection claim because he has not pointed to any portions of the Complaint that show Defendants intentionally treated Plaintiff differently than others similarly situated and that there is no rational basis for the difference in treatment. *See A.N. by and through Ponder v. Syling*, 928 F.3d 1191, 1196 (10th Cir. 2019) (a plaintiff states an equal protection claim if plaintiff alleges

"she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (quoting *Olech*, 528 U.S. at 564, 120 S.Ct. 1073).

Judge Sweazea explained the deficiencies in Plaintiff's Complaint, ordered Plaintiff to show cause why the Court should not dismiss the Complaint for failure to state a claim and ordered Plaintiff to file an amended complaint. The Court thus provided Plaintiff an opportunity to amend his Complaint to set forth facts in support of his claims which would entitle him to relief. Plaintiff has not done so.

The Court dismisses this case because: (i) the Complaint fails to state a claim for the reasons given in the Order to Show Cause; (ii) Plaintiff's Response fails to show that the Complaint states a claim; and (iii) Plaintiff did not file an amended complaint that alleges facts that state a claim.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice.**

_____

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE